UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GUSTAVO RAMIREZ,

                       Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                       Respondent.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM & ORDER

13-CV-6249 (SJ)
13-CV-7331 (SJ)

JOHNSON, Senior United States District Judge.

On November 4, 2013, *pro se* petitioner Gustavo Ramirez, who is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, filed a "Petition for Writ of Audita Querela" pursuant to the All Writs Act, 28 U.S.C. § 1651(a), docketed as 13-CV-6249-SJ. On December 18, 2013, he filed an identical motion, docketed as 13-CV-7331-SJ.[1] For the reasons discussed below, the motion is denied, and both cases are dismissed.

## BACKGROUND

On February 3, 1998, petitioner pled guilty to two counts related to a continuing criminal enterprise involving the possession and distribution of cocaine.[2] United States v. Ramirez, 94-cr-837-SJ-5, ECF Entry # 227. On July 29, 1998, this Court sentenced him to 360 months imprisonment on Count 1, such term to run concurrent to a sentence imposed in Los Angeles

---

[1] Petitioner states that the second petition was filed in error, when he did not intially receive notice that his first petition has been filed. Ramirez, 13-CV-6249 (SJ) ECF Entry # 7; Ramirez, 13-CV-7331-SJ, ECF Entry # 10, Petitioner's Reply to Government's Letter/Motion in Response to Petition, at 1. He requests that the second docket be closed. That request is granted.

[2] That guilty plea was entered after trial had commenced and years after an earlier plea had been taken, then withdrawn. See 94-cr-837-SJ-5, ECF Entries # 117, # 204.

1

County Superior Court. 94-cr-837, Judgment dated July 30, 1998 and entered August 5, 1998, ECF Entry # 241. The Court also sentenced petitioner to 360 months imprisonment on Count 2, such term to run consecutive to the sentence imposed by the Los Angeles County Court and concurrent to the 360-month sentence on Count 1. Id.

Petitioner appealed his sentence to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on February 25, 1999. United States v. Ramirez, 175 F.3d 1009 (2d Cir. 1999). It does not appear that he sought a writ of certiorari for review by the United States Supreme Court. On June 22, 2001, petitioner filed a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by this Court by Order entered on February 4, 2005. Ramirez v. United States, No. 01 CV 4250-SJ, slip op. (E.D.N.Y. Feb. 4, 2005). The United States Court of Appeals for the Second Circuit dismissed his appeal on August 15, 2005. Ramirez v. United States, No. 05-0722-pr (2d Cir. Aug. 15, 2005) (Issued as Mandate entered Oct. 18, 2005). Thereafter, petitioner filed additional motions with the Court. His December 29, 2005 Motion for Reconsideration was transferred to the Second Circuit as a Second or Successive petition pursuant to § 2255, and his September 22, 2008 Motion was denied. Ramirez, No. 01 CV 4250, 2009 WL 1491119 (E.D.N.Y. May 27, 2009), appeal dismissed, No. 09-2576-pr (2d Cir. July 29, 2009 and Aug. 24, 2009) (See 01 CV 4250, ECF Entries # 21-24).

Petitioner now files the instant motion attacking his sentence, purportedly as a motion for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. He asserts "a legal error in the judgment" because "the Bureau of Prisons ("BOP") will not and cannot abide by the Court's intention." (Pet. at 2.) He argues that "18 U.S.C. § 3585 precludes the BOP from awarding credit

of time in 'official detention' which was credited to another sentence" and that it thus undercuts the Court's intention that one of petitioner's federal sentences run concurrent to the state sentence for a related criminal conviction. (Pet. at 3.) Petitioner argues that his current projected release date of January 25, 2028 "does not represent the concurrency ordered by this Court." (Pet. at 5.) He has not indicated when his state sentence expired, and thus the date on which the second 30-year federal sentence began to run. He states, without explaining the reasoning behind it, that "petitioner should be released in or around 2018." (Id.) Petitioner argues that because of this alleged error in his projected release date, the Court should vacate his sentence and resentence him pursuant to the United States Sentencing Guidelines § 5G1.3.

## DISCUSSION

Petitioner seeks a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. The writ of *audita querela* is a common-law writ of ancient origin that has limited continuing validity in the modern criminal context. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Federal prisoners raising a constitutional challenge to their conviction or sentence must use the available statutory remedy created by 28 U.S.C. § 2255. Persico v. United States, 418 Fed. Appx. 24, 26, 2011 WL 1332184, at *1 (2d Cir. 2011) ("Those courts that have analyzed the issue have determined that

the writ [of *audita querela*] is generally not available to review a criminal conviction when the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion."). The Second Circuit has indicated that a writ of *audita querela* "might be deemed available if [its] existence [was] necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." Triestman v. United States, 124 F.3d 361, 380 n. 24 (2d Cir. 1997); see also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.")

In this case, petitioner's claim "clearly falls within the scope of § 2255, as the proper vehicle for a federal prisoner's challenge to the imposition of his sentence." Persico, 418 Fed. Appx. at 26 (Citation and internal quotation marks and changes omitted). Petitioner has not established that "the failure to allow for collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 377.

In any case, it is difficult to imagine what constitutional or legal objection Petitioner might raise to his original sentence or to how it has been calculated by the Bureau of Prisons. Under the United States Sentencing Guidelines in effect at the time of his sentencing, Petitioner was determined to have a Total Offense Level of 40 and a Guidelines range of 360 months to life imprisonment. Ramirez, 01-CV-4250, ECF Entry #1, Pet.'s Mot. Pursuant to § 2255, at 8; 94-cr-837, Judgment dated July 30, 1998 and entered August 5, 1998, ECF Entry # 241, at 6. He was sentenced to two terms at the bottom of the Guidelines range. Because Count 1 involved conduct that was intertwined with conduct for which Petitioner was convicted and sentenced in the California state court, that term was to run concurrent with the state sentence. Ramirez, 13-CV-

6249, ECF Entry # 1, Pet. at 3. Because Count 2 involved activity that was not intertwined with the state conviction, that term was imposed to run consecutively to the state court sentence, that is, it was to begin after the state sentence had expired. Id.; Ramirez, 94-cr-837-SJ-5, ECF Entry # 241. Petitioner has not indicated when his state sentence expired and his consecutive federal sentence on Count 2 began.

As there is no ground for granting a writ of *audita querela*, the Petition filed in 13-CV-6249 is denied. As Petitioner has already filed the one § 2255 petition to which he is entitled, he is procedurally barred from filing a successive petition in the district court, without first seeking certification in the Court of Appeals for permission to file a successive petition.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *audita querela* filed under Docket Number 13-CV-6249 is denied. Petitioner may challenge his sentence by filing a motion pursuant to § 2255. Said motion would then be transferred to the Court of Appeals for certification as a second or successive petition. 28 U.S.C. § 2255(h). Docket Number 13-CV-7331 is dismissed as a duplicate. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ USDJ Johnson
STERLING JOHNSON, Jr.
Senior United States District Judge

Dated: Brooklyn, New York
July 15, 2014

5